## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## THOMASVILLE DIVISION

RICHARD JAMES LAMONS,      :

                           :

           Petitioner,        :

vs.                           :     CASE NO. 6:05-CV-9 (HL)

                           :        28 U.S.C. § 2254

ROSE WILLIAMS, Warden,     :

                           :

           Respondent.     :

## <u>REPORT AND RECOMMENDATION</u>

On September 26, 2001, Petitioner Richard James Lamons, who is currently serving a sentence in the Scott State Prison, in Hardwick, Georgia, was convicted in the Thomas County Superior Court of the offenses of two counts of First Degree Forgery. Petitioner was sentenced to serve seven years in prison. Petitioner filed a Motion for New Trial on October 2, 2001, which was denied on January 18, 2002. Petitioner thereafter signed a waiver of appeal and did not file a direct appeal. On December 26, 2003, Petitioner filed a state habeas corpus petition in the Coffee County Superior Court which was ultimately denied on June 14, 2004. Petitioner then filed in the Georgia Supreme Court a certificate of probable cause to appeal which was denied on January 11, 2005. The current petition was thereafter filed on February 16, 2005. Respondent filed her Answer-Response and Motion to Dismiss as untimely on April 12, 2005. Respondent's Motion to Dismiss was denied on May 31, 2005.

On the same day and in the same case, Petitioner filed a Motion for Equitable Relief. In that Motion, Petitioner makes claims of negligence and deliberate indifference against trial counsel, appellate counsel, the prosecutor and the Respondent. Petitioner requests relief in

the form of compensatory and punitive damages. (Motion For Equitable Relief, p. 6,7). Petitioner's Motion for Equitable Relief makes new claims pursuant to 18 U.S.C. § 1983 and, therefore, is improper in a habeas corpus action under 28 U.S.C. § 2254. Thus, it is recommended that Petitioner's Motion for Equitable Relief is frivolous and should be denied. Petitioner's habeas claims will be analyzed below.

## **Standard of Review**

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
>
> (A) the claim relies on –
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in  the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523.  Justice O'Connor, writing for the majority of the Court,  added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.* at 1521.  In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

*Id.* at 1522.

### Petitioner's Claims

Petitioner's application reveals that he filed a Motion for New Trial on October 2, 2001, which was ultimately denied on January 18, 2002.  Petitioner did not file a direct appeal, but rather, chose to sign a waiver of his right to appeal.  Petitioner then filed a state habeas corpus petition alleging ineffective assistance of both trial and appellate counsel, prosecutorial misconduct and trial court error.  Each of Petitioner's issues were reviewed and that state habeas petition was denied by the state habeas court.

In **Ground One,** Petitioner alleges that he received ineffective assistance of trial counsel, thereby depriving him of his Sixth and Fourteenth Amendment rights. (Petition, p. 12).  Petitioner claims that his trial counsel failed to challenge or suppress the indictment, stating that it was illegal.  He further argues that his trial counsel failed to call the appellate court's attention to anything in the record which might support his conviction, failed to consult with Petitioner on any important decisions regarding his enumerations of error, failed to file a direct appeal with the Georgia Court of Appeals and failed to challenge the validity of the convictions.

As stated above, this court has the authority to grant a writ of habeas corpus where an

4

adjudication made by the state court was contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*.  Where this court finds that the Petitioner has failed to show any improper determinations made by the state court, however, it is without the authority to disturb the state court's findings.

In analyzing Petitioner's ineffective assistance of trial counsel claims as argued in his Motion for New trial, the Thomas County Superior Court utilized the standard in *Strickland v. Washington,* which held that, at least in regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  In *Woodford v. Visciotti,* 537 U.S. 19, 24, 25, 123 S.Ct. 357, 360, 361 (2002) the United States Supreme Court held, "Under § 2254(d)'s 'unreasonable application' clause a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. See *Bell v. Cone,* 535 U.S. 685, 698-699, 122 S.Ct. 1843 (2002); *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495 (2000).  Rather it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner.  An '*unreasonable* application of federal law is different from an *incorrect* application of federal law.' *Williams, supra,* at 410, 120 S.Ct. 1495; see *Bell, supra,* at 694, 122 S.Ct. 1843.

5

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness of the determination of the factual issues regarding his claims of ineffective assistance of trial counsel.  The record reveals that the finding of the Thomas County Superior Court that the Petitioner did not meet the error portion of the *Strickland* test was not contrary to nor did it involve an unreasonable application of clearly established federal law, as found in *Williams v. Taylor.*  Thus, it is recommended that Petitioner is not entitled to relief on this ground.

In **Count Two** of his federal habeas petition, Petitioner claims ineffective assistance of his appellate counsel for counsel's failure to advise him as to his signing the waiver of trial and counsel's failure to advise him of his "rights on appeal for a new trial." (Petition, p. 12). The record reveals that these claims were raised by the Petitioner in his state habeas petition.

As stated above, *Strickland v. Washington* holds that a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The United States Supreme Court has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel, attaches as of right and is limited to his first appeal. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *citing, Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d

341 (1974).  The Supreme Court, to that point in time, had never specifically stated that the *Strickland* standard applied in the appellate context, nor had it defined the definitive standards for determining claims of ineffective assistance of counsel as applied to an attorney representing a Defendant on appeal.  *Id.* at 392.  Then, in 1987, in *Burger v. Kemp,* where the ineffective assistance of appellate counsel issue was raised and dealt with an attorney's alleged conflict of interest, the Supreme Court based its decision on the *Strickland* standard to find that there was no ineffective assistance of counsel by the Petitioner's appellate counsel. *See, Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114 (1987).  Specifically, the Court stated that the appellate attorney's decision "was supported by reasonable professional judgment, and thus met the standard set forth in *Strickland v. Washington*." *Id.* at 3117.

As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions.  The *Williams* standard denies this court the authority to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002).  The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

The state habeas court in this case found that with regard to his claims of ineffective assistance of his appellate counsel, Petitioner had not overcome the standard as set out in

7

*Strickland v. Washington,* stating that

> Counsel consulted with Petitioner, explained that Petitioner had a right to appeal but that the grounds which he wished to raise had no legal merit and that she could not therefore raise them. She advised Petitioner, however, that he could seek different counsel if he wanted to pursue a direct appeal of his conviction and sentence and that she would ask the court to appoint new counsel for him to appeal. Petitioner voluntarily signed a written acknowledgment and waiver of the right to appeal and election not to appeal (Resp. Ex. 4), and did not thereafter do anything to indicate that he had changed his mind. Petitioner has failed to establish ineffective assistance of post-trial counsel, and this claim for habeas corpus relief is denied.

(State Habeas Transcript, p. 8).

This court, as noted previously, is without authority to disturb the findings of a state court unless the Petitioner shows that the decision was contrary to or based on an unreasonable application of federal law, pursuant to *Williams v. Taylor*. Hence, it is recommended that the Petitioner is entitled to no relief regarding his claims of ineffective assistance of his appellate counsel.

In **Count Three**, Petitioner makes additional allegations of ineffective assistance of counsel, arguing that his appellate counsel failed to request dismissal of the illegal indictment and that his trial counsel failed to inform him of his right to appeal. (Petition, p. 12-13). With regard to these enumerations of ineffective assistance of counsel, the record reveals that Petitioner failed to raise this claim in his state habeas corpus petition.

In **Count Four**, the Petitioner argues that the trial court erred by failing to supply him

with an indictment that was fully filled out and then erred by trying him pursuant to that indictment. The state habeas court ruled that because Petitioner did not raise this claim during trial or in his direct appeal as is required by O.C.G.A. § 9-14-48(d), his claim was procedurally defaulted.

The Respondent argues that both of these claims are procedurally defaulted. The Eleventh Circuit Court of Appeals has held that "[P]rocedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999); *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), cert. Denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.E.2d 865 (1195); *Meager v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988). "Second, if the petitioner simply never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), cert. denied.

The United States Supreme Court has held that when a Defendant is barred from raising a federal constitutional claim in the state courts because of his failure to follow the state's procedural rules, he is also barred from raising the claim in a 28 U.S.C. § 2254

habeas corpus petition absent a showing of cause for, and actual prejudice from the procedural default. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S. Ct. 2497 (1977).

The same standard as noted above is applicable here.  A federal court is barred from a review of a state prisoner's federal claims where there is a failure to comply with an independent and adequate state procedural rule, unless the prisoner can show either 1) cause for the default and actual prejudice growing out to the alleged violation of federal law, or 2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 2565 (1991); *Aldridge v. Dugger,* 925 F.2d 1320, 1327 (11th Cir. 1991).  A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of an innocent person.  *Murray v. Carrier,* 106 S.Ct. 2639, 2649 (1986).

The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct.  *Murray v. Carrier,* 477 U.S. 478., 488, 106 S.Ct. 2639, 2645 (1986); *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 1472 (1991).

To meet the "prejudice" prong required, a federal habeas petitioner generally must show that a cause or circumstance beyond his control worked to his actual and substantial disadvantage, infecting his entire trial with error or constitutional dimensions. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 1596 (1982).

10

Likewise, a pro se petitioner is not exempt from the cause and prejudice requirement of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977).  A mere possibility of actual prejudice resulting from an error at trial will not waive the procedural bar where other substantial evidence of guilt is present. *Sykes,* 433 U.S. at 91, 97 S.Ct. at 2508.  A petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim" since he has no constitutional right to counsel during habeas corpus proceedings. *Harmon v. Barton,* 894 f.2d 1268, 1275 (11th Cir. 1990) (quoting *Smith v. Newsome,* 876 F.2d 1461, 1465 (11th Cir. 1989)).  *See McCoy v. Newsome,* 953 F.2d 1252 (1992).

In the current case, the record reveals that Ground Three, claiming ineffective assistance of appellate counsel, was not raised by the Petitioner until he raised it in his current federal habeas corpus petition.  The record further reveals that Ground Four, alleging error by the trial court as to the indictment issued against him, was raised by Petitioner in his state habeas petition, but was found to be procedurally barred by the state habeas court.  As to both counts, Petitioner has failed to establish cause for his failure to timely raise the issues or that a miscarriage of justice has occurred which would excuse the default on these claims.  Thus, Counts Three and Four are procedurally barred and it is recommended that Petitioner is not entitled to relief on those grounds.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with

the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 30th day of June, 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe

12