IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | |
|---|---|
| **RICHARD JAMES LAMONS,** : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civil Action No. 6:05-cv-9 (HL) |
| : | |
| **ROSE WILLIAMS, Warden,** : | |
| : | |
| Respondent. : | |
| _____ | |

## ORDER ON REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND PETITIONER'S MOTION REQUESTING A HEARING DATE AND NOTICE ELECTING TO APPLY RECIPROCAL RULES OF DISCOVERY

The Recommendation of the United States Magistrate Judge (Doc. # 24) filed June 30, 2005, has been read and considered and is accepted and made the Order of the Court. The objection to the Recommendation (Doc. # 27) filed by the petitioner, Richard James Lamons ("Lamons"), on July 25, 2005[1], has also been thoroughly read and considered and is found to be without merit. Also before this Court are Petitioner's Motion to Compel a Hearing Date for a Writ of Mandamus (Doc. # 29) and Petitioner's Notice of Election to Apply Reciprocal Rules of Discovery (Doc. # 30). For the reasons set forth below, both motions (Doc. #'s 29, 30) are

---

[1] The Court notes that it neither granted nor denied Lamons's Motion for Extension of Time to File (Doc. # 26), filed on July 15, 2005. Nevertheless, the Court has fully considered Lamons's objection (Doc. # 27), in addition to his affidavit (Doc. # 28), despite the fact that they were both filed late. Therefore, Lamons's Motion for Extension of Time to File is granted.

1

denied.

## I.    Motion to Compel a Hearing Date for a Writ of Mandamus

The Court is uncertain as to exactly what relief Lamons seeks by filing the document he titled a "Motion to Compel a Hearing Date for a Writ of Mandamus." (Doc. # 29.) A review of the record reveals no Writ of Mandamus has been filed in this case, nor any document that could be construed as one. Therefore, to the extent that Lamons is requesting a hearing for such a nonexistent Writ, his Motion is untimely and must be denied.

In the alternative, should Lamons have mistitled his Motion, and should he in fact be requesting this Court grant him a hearing regarding his pending habeas corpus action under 28 U.S.C. § 2254, this request must also be denied. As this case was filed after April 24, 1996, 28 U.S.C. § 2254(e)(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs whether the Court can grant an evidentiary hearing. See McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005). Section 2254(e)(2) provides as follows:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A) the claim relies on--
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2) (2005).

The Supreme Court of the United States has noted that "[b]y the terms of its opening clause the statute applies only to prisoners who have 'failed to develop the factual basis of a claim in State court proceedings.'" Williams v. Taylor, 529 U.S. 420, 430 (2000) (quoting 28 U.S.C. § 2254(e)(2)). Therefore, when faced with a request for an evidentiary hearing, the first question a district court must ask is whether the petitioner has "failed to develop the factual basis of [his] claim in State court proceedings." 28 U.S.C. § 2254(e)(2).

A petitioner is said to have "failed to develop the factual basis of a claim in State court proceedings" only if "there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams, 529 U.S. at 432. Therefore, "[t]he question is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts. The purpose of the fault component of 'failed' is to ensure the prisoner undertakes his own diligent search for evidence." Id. at 435. "If there has been no lack of diligence at the relevant stages in the state proceeding, the prisoner has not 'failed to develop' the facts under § 2254(e)(2)'s opening clause, and he will be excused from showing compliance with the balance of the subsection's requirements." Id. at 437; Crawford v. Head, 311 F.3d 1288 (11th Cir. 2002); Isaacs v. Head, 300 F.3d 1232, 1248-49 (11th Cir. 2002). As the Supreme Court of the United States recently explained, evidence that was not presented to the state court "could . . . [be] the subject of an evidentiary hearing by the District Court, but only if [petitioner] was not at fault in failing to develop that evidence in state court, or (if he was at

3

fault) if the conditions prescribed by § 2254(e)(2) were met." Holland v. Jackson, 542 U.S. 649, 652-53 (2004).

Thus, if a petitioner could have presented the evidence in question during the state court proceedings and, due to some lack of diligence on his part, failed to do so, § 2254(e)(2) bars the evidentiary hearing unless he can meet the stringent requirements shown in § 2254(e)(2)(A) and (B). However, if the petitioner has been reasonably diligent in his pursuit to present the evidence in state court, or, alternatively, if he meets the requirements of § 2254(e)(2)(A) and (B), the district court then has to turn to pre-AEDPA law to determine whether it should hold an evidentiary hearing. See Randy Hertz, James S. Liebman, Federal Habeas Corpus Practice and Procedure § 20.1b (4th ed. 2001). Under these standards, a district court should grant an evidentiary hearing if the petitioner shows the following three conditions have been met:

> (1) the petition alleges facts that, if proved, entitle petitioner to relief; (2) the fact-based claims survive summary dismissal because their factual allegations are not "palpably incredible" [or] "patently frivolous or false" . . . ; and (3) . . . the factual claims were not previously the subject of a full and fair hearing in the state courts or, if a full and fair state court hearing was held, it did not result in state court fact findings that resolved all the controlling factual issues in the case.

Id. at 804-07 (quotations omitted). See generally Matheney v. Anderson, 253 F.3d 1025, 1039 (7th Cir. 2001); McCoy v. Wainwright, 804 F.2d 1196 (11th Cir. 1986).

Even were this Court to assume Lamons had developed the factual basis of his claim in State court proceedings and turn to pre-AEDPA law to determine whether it should hold an evidentiary hearing, regardless of the analysis under the first two prongs of the aforementioned test, there is no way Lamons can overcome its third prong. His factual claims were previously

the subject of a full and fair hearing in the state courts on May 23, 2003, and that hearing resulted in state court fact findings that resolved all of the controlling factual issues in the case.[2] This Court will not grant an evidentiary hearing regarding his pending habeas corpus action under 28 U.S.C. § 2254.

Finally, it is possible that Lamons has filed his motion in an attempt to prompt a hearing regarding his Motion for Equitable Relief (Doc. # 15), which he filed in this case on May 31, 2005.  However, in his Report and Recommendation, the Magistrate Judge examined this document and, determining it was improper in a habeas corpus action under 28 U.S.C. § 2254, he recommended that it be dismissed as frivolous.  As previously mentioned, this Court has considered the Report and Recommendation, as well as Lamons's Objections to it, and has adopted the former and found the latter to be without merit.  Lamons has made no showing that convinces this Court that a hearing on this matter is necessary.  Accordingly, no hearing will be held.

## II.     Notice of Election to Apply Reciprocal Rules of Discovery

Lamons also seeks discovery of various materials he claims "might lead to Summary

---

[2] To the extent Lamons claims the transcript of this hearing was altered (Doc. # 28, at 2), the Court does not deign to expend judicial resources for a hearing on this allegation.  The Supreme Court of the United States has recognized that where the allegations in a habeas petition are "palpably incredible" or so "patently frivolous or false," the petition properly may be dismissed without affording any evidentiary hearing.  Blackledge v. Allison, 431 U.S. 63, 75-76 (1977).  According to Lamons, (1) his appellate counsel admitted on the stand that she had promised him a "love-type relationship" in exchange for his waiver of appeal, (2) the state judge in this hearing apparently heard this testimony and had no reaction, and (3) there has been a subsequent cover-up in which the transcript of the hearing was altered to conceal this exchange.  The Court finds Lamons's claims "palpably incredible" and "patently frivolous or false" and will not afford him an evidentiary hearing on this point.

Judgment as a matter of law." (Doc. # 30 at 1.) "As a general matter, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000). However, a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that a party is entitled to discovery in a habeas petition if the petitioner has shown "good cause": "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." R. 6 Gov. R. 2254 Cases. In Bracy, the Court suggested that good cause would be found: "'[w]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 299 (1969)). No such allegations have been made in this case.

Before addressing whether petitioner is entitled to discovery under Rule 6(a), the Court must first identify the "essential elements" of petitioner's claims. See id. at 904 (citing United States v. Armstrong, 517 U.S. 456 (1996)). In the present case, Lamons has stated the "essential elements" for a number of claims. None of them constitutes good cause. To the extent Lamons demands discovery to further pursue his ineffective assistance of counsel claims, these allegations have been explored in depth at a state habeas corpus hearing and in the

aforementioned Magistrate's Report and Recommendation. At no point has any indication of ineffective assistance of counsel been found; this court finds Lamons has shown no good cause to allow additional discovery on this point. To the extent Lamons demands discovery to further investigate his claims that his counsel coerced his waiver with the promise of a "love-type relationship" and that the transcript of his state habeas corpus proceedings has been altered, this Court finds no good cause why it should allow discovery for such "palpably incredible" and "patently frivolous or false" allegations. Finally, to the extent Lamons demands discovery to locate "all copies of other information that might lead to Summary Judgment" (Doc. # 30 at 1), this Court concludes that his request in effect constitutes an improper "fishing expedition." This Court will not authorize Lamons to fish through the state's files in the hope of finding some damaging evidence. See, e.g., Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004) ("Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'") (citing Rector v. Johnson, 120 F.3d 551, 562 (5th Cir.1997)); Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994).

SO ORDERED, this the 10th day of November, 2005.

                                           **s/   Hugh Lawson**
                                           **HUGH LAWSON, JUDGE**

pdl